JAMES C. BELL, Respondent, *v.* DANIEL J. Weir *et al.*, Appellants.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Payment. Collateral.*—The payment, to the assignee, of a bond and mortgage assigned as collateral security for other bonds of the assignor, operates as a satisfaction *pro tanto* of such of them as have become due before such payment was made.

Appeal by defendant Otis, as receiver, from interlocutory judgment in action of foreclosure.

The action is brought to foreclose four mortgages made by defendant Weir and his wife to plaintiff, amounting in the aggregate to the sum of $14,000, and on which there is claimed to be now due the sum of $10,000 and interest. As collateral security therefor Weir assigned to plaintiff a bond and mortgage for $3,500, made by Tally and Carr, which sum, with interest, was paid to plaintiff in November, 1888.

The defendant Otis was appointed receiver of defendant Weir's property on August 28, 1888, which was subsequent to said assignment of said bond and mortgage to plaintiff. Afterwards the receiver Otis notified plaintiff's agent that he, as such receiver, looked to the collateral, which notice was given about the time plaintiff received payment of

said assigned bond and mortgage, namely, of the sum of $3,527.98.

The court at special term held that the proceeds of said collateral mortgage received by the plaintiff were properly applicable in reduction of his claim under said mortgages.

Defendant Otis claims that such proceeds should not be so applied, but should be held as a collateral fund to make good any deficiency on the sale, and that whatever remains belongs to said receiver.

*J. W. McElhinny*, for appellant.

*J. W. Alexander*, for plaintiff respondent.

*Williams T. Matthies*, for respondent Walker.

PRATT, J.—The sole question in this case is whether the payment of the bond and mortgage of Tally and Carr have operated as a satisfaction *pro tanto* of the bonds and mortgages of the defendant Weir held by the plaintiff, which have become due before such payment was made, and we are of opinion that it did. The assignment of the bond and mortgage of Tally and Carr, having been made as collateral security for the payment for the other bonds and mortgages held by the plaintiff, the assignor Weir no doubt retained an equitable interest therein notwithstanding the assignment vested the legal title thereto in the plaintiff. Such equitable interest passed to the receiver Otis by virtue of the proceedings supplementary to execution set forth in the case. The relation between Weir and receiver Otis respectively and the plaintiff was that of pledgor and pledgee, and gave to the former the right to redeem the bond and mortgage of Tally and Carr, by paying the debt for the payment of which these securities had been pledged and to any surplus that might remain after payment of such debt. But as that debt greatly exceeded the amount of such securities no right to a surplus has yet arisen.

It is also a principle of equity that one who has several funds to satisfy his demands will be compelled on the demand of another who has a subordinate lien upon some, but not all of the same funds, to exhaust the fund upon which he has an exclusive lien before resorting to the others. But this principle is subject to the qualification that compliance with such demand will not subject the holder of the paramount lien to delay or inconvenience in the collection of his debt, or to risk of loss to himself, or of injustice to other persons. Pom. Eq. Jur., § 1414, and cases cited.

We are of opinion that this principle mentioned is not applicable to this case for several reasons.

1. The general rule is well settled that when a creditor receives payment in due course of an obligation held by him as collateral security for the payment of a debt due him, the law at once applies such payment in satisfaction wholly or in part of the principal debt (Waring *v.* Loder, 53 N. Y. 584), and the fact that no formal application of such payment was made by the creditor is immaterial.

2. Such payment extinguished the collateral obligation and the lien thereon of the defendant, Otis. The plaintiff cannot be made the custodian of the money paid or a trustee for the junior creditor against his will, nor in any way, without subjecting him to risk of loss and liability which he never assumed, and which it would be inequitable to cast upon him.

3. It would be grossly unjust to the debtor, Weir, to subject him to the loss of interest which the withholding of an application upon his debt of the sum paid on account of the collateral security would involve.

We have looked into the cases cited on behalf of the defendant, Otis, but have found in them nothing in conflict with the foregoing rules; nor do we perceive any certain benefit which would accrue to him from an adoption by the court of the principle on this subject for which his counsel has contended. The plaintiff certainly can apply, and is

bound to apply the sum received from Tally and Carr upon any deficiency that may arise upon a sale of the mortgaged premises in suit, and he is not required for his own protection to bid upon such sale a sum which will make such deficiency less than the sum received from Tally and Carr. For aught that appears it must depend upon the defendant, Otis, or those whose interests he represents, whether a more favorable result shall be achieved by means of such sale. The only practical remedy available for him, therefore, is to cause the mortgaged premises in suit to be sold for the full value thereof and to claim any surplus that shall arise upon such sale.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurs.

---

NOTE ON "LIABILITY OF HOLDER OF COLLATERALS."

A creditor of an insolvent assignor, who holds collateral security, may prove his entire claim against the assigned estate of his debtor, without first resorting to his collateral, or deducting its value, though he has sold the collateral, if on the sale he has realized less than his claim. Matter of Ives, 25 Abb. N. C. 63.

A creditor who holds collateral security will not, upon the administration of the estate of an insolvent debtor in a court of equity, be compelled to realize thereon and prove the balance of his claim only. People *v.* E. Remington & Sons, 121 N. Y. 328. In such case, he may prove his entire claim, regardless of the security, and receive a dividend thereon. Id. The contrary rule prevailing in bankruptcy rests upon the peculiar provisions of the bankrupt act and is not controlling upon the court administering an estate in equity. Id. Where the collateral security is more than sufficient to satisfy the deficiency after the receipt of the dividend, the representatives of the insolvent may, *it seems*, redeem it for the benefit of the estate. Id.

The retention of collateral securities is no bar to an action on the promissory note constituting the primary obligation. Queens Co. Bank *v.* Leavitt, 56 Hun, 647. The holder is not obliged to sell the securities before bringing an action on the note. Id.

The payment of securities, assigned as collateral to a bond and mortgage, operates as a payment *pro tanto* of such bond as have become due before such payment was made. Bell *v.* Weir, 55 Hun, 611.

Where the security for a debt is a lien on property, real or personal, the lien is not impaired because the remedy at law for the recovery of the debt is barred. Hulbert *v.* Clark, 128 N. Y. 285.

The extinguishment of a debt deprives the holder of a collateral security of any right, title or interest therein.    Robinson *v.* Striker, 47 Hun 546. An accommodation endorser, who is liable upon outstanding and unmatured obligations, and receives composition notes upon the basis of the entire outstanding liability, thereby loses his rights under a policy of insurance upon the life of the debtor held by him as collateral security.    Id.

The creditor is bound to keep collaterals so as to be able to surrender them without mutilation or injury.    Burgess *v.* Brooklyn C. Co., 2 City Ct. 168.    Permitting the erasure of the names of endorsers upon a note, held as collateral security, will relieve the debtor from his debt.    Id.

A holder of notes who was authorized by an endorser to surrender certain collateral securities upon receiving others of a specified nature, is, upon the surrender thereof and receipt of a different and less valuable substituted security, liable to account to such endorser for his loss and injury sustained through such surrender.    DeGraaf *v.* Wyckoff, 4 N. Y. St. Rep. 108.    Such action is not barred by the recovery of a judgment upon the notes themselves.    Id.

See further on this point, Morris *v.* Fales, 43 Hun, 393; Matter of Gilbert, 39 Id. 61 ;  Hazard *v.* Wells, 2 Abb. N. C. 444 ;  VanEtten *v.* Troudden, 67 Barb. 342 ;  Gilbert *v.* Marsh, 12 Hun, 519 ;  Corning *v.* Pond, 29 Id.  129 ; Gage *v.* Punchard, 6 Daly, 229 ;  James *v.* Hamilton, 63 N. Y. 616 ;  Broadwell *v.* Holcombe, 4 Civ. Pro. 159 ;  Gambling *v.* Haight, 59 N. Y. 354 ; Moody *v.* Andrews, 7 J. &. S. 302 ;  64  N. Y. 641 ;  Western  T. & C. Co. *v.* Kilderhouse, 87 N. Y. 430 ;  Foxell *v.* Fletcher, Id. 476.